# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES THOMAS TURNER,** | : |
| **Petitioner** | : CIVIL ACTION NO. 3:15-2486 |
| v | : |
| | (JUDGE MANNION) |
| **Warden DAVID EBBERT,** | : |
| **Respondent** | : |

## MEMORANDUM

Petitioner, James Thomas Turner, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges the Bureau of Prison's (BOP) computation of his sentence. (Doc. 1, petition). Specifically, he claims that he was in pretrial federal custody from November 1, 2013 through December 21, 2015, and requests that the Court "grant [him] his jail credits which is 30 months and order the FBOP to correct [his] release date." Id. The petition is ripe for disposition, and for the reasons outlined below, the petition will be **DISMISSED** for Turner's failure to exhaust administrative remedies.

## I.      Background

On November 19, 2012, Turner was sentenced in the United States District Court for the Western District of Tennessee to a term of imprisonment of twenty-seven months for Mailing Threatening Communications, a violation of 18 U.S.C. §876. ((Doc. 1 at 10, USA v. Turner, 1:11-cr-10067-JDB-1, Criminal Docket Sheet). This sentence was to run consecutive to Turner's sentence imposed in Shelby County Criminal Court. Id.

On April 23, 2015, Turner was sentenced in the United States District Court for the Northern District of Illinois to a concurrent term of imprisonment of thirty-seven months for two counts of Assaulting/Resisting/Impeding Officers/Employees. ((Doc. 1, at 21, USA v. Turner, 1:13-cr-00649-1, Criminal Docket Sheet). This sentence was to be served consecutively to the undischarged term of imprisonment imposed by the District Court for the Western District of Tennessee. Id.

On December 28, 2015, Petitioner filed the instant petition for writ of habeas corpus in which he challenges that calculation of his sentence and prior custody credit. (Doc. 1, petition).

A January 13, 2016 search of the BOP SENTRY computer generated Administrative Remedy Retrieval system revealed that since Turner's designation to BOP custody, he has filed four administrative remedies. (Doc. 8-1 at 11-12, Administrative Remedy Generalized Retrieval). These administrative remedies concern complaints about staff, an officer treating him inappropriately, staff harassment and a challenge to his placement in the Special Management Unit. Id, Petitioner's first three administrative remedies were never appealed beyond the institutional level. Id. His last administrative remedy, alleging that he should not be in the SMU program at USP-Lewisburg was filed at the Regional Office on January 4, 2016, and was rejected on January 5, 2016, for filing at the incorrect level. Id.

On January 22, 2016, Turner filed an administrative remedy seeking credit for time spent in jail. (Doc. 9 at 3. Rejection Notice - Administrative Remedy, attached as an exhibit to Turner's traverse). The same date, Turner's remedy was rejected and returned to him because he "did not attempt informal resolution prior to submission of Administrative Remedy, or [he] did not provide the necessary evidence of [his] attempt at informal resolution." Id.

## II. Discussion

### A. Exhaustion of Administrative Remedies

District Courts have jurisdiction under §2241 to consider petitions brought by inmates, like Tuner, who allege that the BOP miscalculated their sentences. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Section 2241, and not §2255, confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging the execution rather than the validity of his sentence. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

Although there is no statutory exhaustion requirement attached to habeas petitions brought pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust his administrative remedies **prior** to filing a §2241 petition. See Small v. Camden County, 728 F.3d 265, 269 (3d Cir. 2013); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (emphasis added). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Giving an agency the opportunity to correct its errors is a central purpose of the exhaustion requirement. See Woodford v. Ngo, 548 U.S. 81, 89, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The Supreme Court has explained that:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that

the agency addresses the issues on the merits).

Id. (citations and internal quotation marks removed). In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. §542.10 et seq., otherwise, the habeas petition should be dismissed. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241). Exhaustion is not required, however, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier, 819 F.2d at 53; Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

      The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. §542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. §542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. §542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. §542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. §542.18. Finally, the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate

may consider the absence of a response to be a denial at that level. Id.

As is apparent from the January 13, 2016, search of the administrative index database and Turner's own exhibits, Turner has failed to exhaust his administrative remedies pertaining to his sentence computation challenge. Specifically, while in BOP custody, Turner has filed five administrative remedies. The only one that addresses his sentence computation was filed **after** Petitioner filed the instant action and it was rejected as not properly filed. (Doc. 9 at 3. Rejection Notice - Administrative Remedy, attached as an exhibit to Turner's traverse).  As such, Turner's own submission demonstrates that he has failed to exhaust the administrative remedy process prior to bringing the instant action. Accordingly, the petition will be dismissed.

### III.     Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ––U.S. ––, ––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133(3d Cir. 2012). Thus, the Court need not address this issue in the current action.

**IV.    Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.


                                             s/ *Malachy E. Mannion*
                                             **MALACHY E. MANNION**
                                             **United States District Judge**

**DATE:  April 26, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2486-01.wpd